UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK I. MANNING, IV,                                    Case No. 15-cv-677-pp

          Plaintiff,

v.

THE STATE OF WISCONSIN,
THE MILWAUKEE CIRCUIT COURTS,
JOHN T. CHISHOLM,
DAVID A. CLARKE, JR.
NELSON PHILLIPS, III,
CAROLINA STARK,
STEPHEN PAAR,
TOD LUEDDECKE,
DAWN COENEN, and
ALL THE SPOUSES THEREOF,

          Defendants.

---

**ORDER DISMISSING CERTAIN DEFENDANTS WITH PREJUDICE, DISMISSING COMPLAINT WITHOUT PREJUDICE, GIVING THE PLAINTIFF A DATE CERTAIN BY WHICH TO FILE AN AMENDED COMPLAINT, DENYING THE PLAINTIFF'S REQUEST TO PROCEED WITHOUT PAYING THE FILING FEE (DKT. NO. 10), AND GIVING THE PLAINTIFF A DATE CERTAIN TO PAY THE FILING FEE**

---

    Mark I. Manning, IV, representing himself, has filed a complaint alleging a variety of offenses against seven named individual defendants, two governmental entities, and unnamed individuals sued as "all the spouses thereof." Dkt. No. 3. The caption of the complaint alleges trespass, trespass on the case, replevin, fraud on the court, conspiracy to deny rights, denial of fundamental rights, unlawful search and seizure, vindictive prosecution, defamation of character, and attempted murder. Id. at 1. The complaint is

1

forty-seven pages long, including "law of the case" attached at the end, consisting of a number of case citations and provisions of various legal documents such as constitutional provisions.

The court has attempted, as best it can, to determine what legal causes of action the plaintiff attempts to bring against which defendants. The plaintiff filed this case in federal court in Texas; the Texas court transferred the case to this district by a discretionary change of venue, because the defendants were located in the Eastern District of Wisconsin, and the events described in the complaint appeared to have taken place in the Eastern District of Wisconsin. Dkt. No. 6.

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court then must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The court first notes that, while the plaintiff has named as defendants "all the spouses thereof," as far as the court can tell, the complaint doesn't contain any facts that show that anyone's spouse did anything to the plaintiff. The court will dismiss as defendants "all the spouses thereof," with prejudice.

The court next notes that the plaintiff has named as a defendant the State of Wisconsin.

> The State of Wisconsin is immune from suit under the Eleventh Amendment, which states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." The Supreme Court has drawn upon principles of sovereign immunity to construe the Eleventh Amendment to "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another state.'" *Pennhurst State School and Hosp.v. Halderman*, 465 U.S. 90, 100 (1984) (quoting *Emps. v. Missouri Dept. of Public Health and Welfare*, 411 U.S. 279, 280 (1973).

*Emmerick v. Wisconsin*, 11-cv-860-bbc, 2012 WL 1135930 at *2 (W.D. Wis., April 4, 2012). Because the State of Wisconsin is immune from suit under the Eleventh Amendment, the court will dismiss it as a defendant, with prejudice.

Third, while the plaintiff alleged a long series of events that took place starting on December 27, 2010, he does not make clear, for each defendant he names in the complaint, (a) when each defendant violated the defendant's rights, (b) what constitutional provisions or state or federal laws the plaintiff believes each defendant violated, or (c) where each defendant caused the alleged harm. Without this information, the court cannot tell whether or not the plaintiff has causes of action which can be addressed in federal court. For this reason, the court is going to dismiss the plaintiff's complaint, without prejudice, and give him a deadline by which to file an amended complaint. "Without prejudice" means that if the plaintiff files the amended complaint as the court requests, by the deadline the court sets, his case can proceed forward.

The court is enclosing with this order a packet entitled "Guide to Filing Non-Prisoner Complaints Without a Lawyer in Federal District Court." This Guide contains helpful information for the plaintiff in creating an amended complaint that the court can review and understand. Following the advice in this Guide, and using the forms contained in it, will make it much easier for the court, and the defendants, to review and respond to the plaintiff's complaint. The court strongly encourages the plaintiff to review this Guide, to follow the advice contained in it, and to use the forms to create his complaint.

4

The plaintiff also has filed a Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs. Dkt. No. 10. A district court may authorize a plaintiff to proceed *in forma pauperis*—meaning that he does not have to pre-pay the $400 filing fee to commence a civil lawsuit—if the plaintiff submits an affidavit listing his assets, indicating that he is unable to pay the fees, and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a).

The plaintiff's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs indicates that he receives income of $2,400 per month. He owns a 2004 Mazda RX-8. He has $4,733.02 in his bank accounts. He also has a 401k retirement account, but does not know how much it contains. He declined to answer the question, "Do you and/or your spouse own any other valuable property that might be worth more than $1,000 . . . ," on Fifth Amendment grounds.

While he stated that his rent was $450 per month, he also stated that he had been living at the home of a good friend rent free. He states that he has been trying to pay off the year of back rent he owes. The only expenses he lists are $150 a month for groceries and $100 a month for gasoline. He indicates that he is trying to save enough money to get an apartment, as well as to have a cushion in case he loses his current job. He wishes to save at least six months' worth of rent before signing a lease on an apartment.

The court appreciates the plaintiff's efforts to pay off his back rent and save money. But he is living rent-free with a friend, has monthly expenses of only $250 per month, has monthly income of $2,400 a month, and has savings

5

of over $4,700. The plaintiff clearly has the ability to pay the $400 filing fee. 28 U.S.C. §1915(a)(1) allows a court to waive the filing fee only if the affidavit shows that the plaintiff is unable to pay the filing fee. Because the plaintiff is able to pay the filing fee, the court will deny his request to proceed without paying that fee, and will give him a deadline by which to pay it.

Because the court anticipates that the plaintiff will be paying the filing fee and filing an amended complaint, the court notes some other matters. If the plaintiff timely pays the filing fee and files the amended complaint, the Federal Rules of Civil Procedure (which govern all civil actions in federal court) require the plaintiff to obtain a summons, and to serve the summons and complaint on all of the defendants in the case. Fed. R. Civ. P. 4. Rule 4 provides instructions for how to serve various kinds of defendants. The court advises the plaintiff to review that rule. He can find it on line at

https://www.law.cornell.edu/rules/frcp/rule_4.

The court also encourages the plaintiff to visit the court's web site, www.wied.uscourts.gov. There he will find, in the column on the right-hand side of the home page, a link to "Pro Se Resources." He may find some of the information in this section of the web site helpful—particularly the section entitled "Answer to Pro Se Litigants' Common Questions."

The court **ORDERS** that the defendants referred to as "All the Spouses Thereof," and the State of Wisconsin, are **DISMISSED WITH PREJUDICE**.

The court **ORDERS** that the complaint (Dkt. No. 3) is **DISMISSED WITHOUT PREJUDICE**. The court **ORDERS** that the plaintiff may file an amended complaint no later than **Monday, August 31, 2015**.

The court **DENIES** the Petition to Proceed Without Prepayment of Fees and/or Costs (Dkt. No. 10). The court **ORDERS** the plaintiff to pay the $400 filing fee no later than **Monday, August 31, 2015**.

The court **ORDERS** that in order for the plaintiff's amended complaint and filing fee to be considered timely filed, he must send them in time so that the clerk of court receives them by August 31, 2015.

The plaintiff must submit the amended complaint and the filing fee to:

Clerk of Court
United States District Court
517 East Wisconsin Avenue
Room 362
Milwaukee, WI  53202

Dated in Milwaukee this 26th day of June, 2015.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

7